THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MI-GUEL A. SERRANO, Defendant and Appellant.

No. 10123. Argued December 1, 1943.—Decided March 6, 1944.

*M. García González* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

Mr. Justice de Jesús delivered the opinion of the court.

The appellant was sentenced to four years' imprisonment at hard labor for an attempt to commit murder on the person of Benigno Santiago Barreto on December 30, 1941, at Fajardo. The appellant alleges that the verdict was not supported by the evidence; but from an examination of the record it appears that the evidence was conflicting and that the facts incriminated the defendant. The jury believed the facts and they justify the verdict.

The evidence for the prosecution may be summarized thus: In 1941 the defendant was acting as corporal of the Insular Police in Fajardo, and on May 27 of the same year he entered the grocery and restaurant of the injured person, the same city, and asked him for a loan of $25. The injured man consented and gave him a check for that amount, and the defendant promised to repay him at monthly instalments of $5. The defendant made no payments and on December 22 of the same year the injured party asked him to pay the debt. The defendant became angry and answered him: "Don't worry, I'll pay you back any day" to which the injured person replied, "Don't get angry, I am only collecting what you owe me, you agreed to pay the debt and I willingly loaned it." (Tr. of Ev., p. 19) On the night of the occurrence the defendant arrived at the establishment, where the injured person was sitting at a table with some friends taking drinks. He joined the group, drank with them, and then stated that he wished something stronger. The injured man called his son, a boy, and asked him to prepare something for the corporal. The boy prepared the drink and brought it to the defendant. He refused it and pushed the boy, uttering harsh words, which made the boy cry. One of the men present called his attention to the improper remarks towards the boy and told him that he should apologize, to which the defendant answered that he never apologized to children. The boy's father, the injured person, then intervened and

told the defendant that that boy was his son and he had to show more consideration toward him. The defendant again stated that he would not give any excuse, to which the injured man answered "You are a big bully." On hearing this, the defendant took out his revolver, knocked the injured man down and while still on the ground, fired a shot at him. The injured person looked for shelter and hid between the cash register and the show windows. There the defendant fired a second shot, whereupon the injured person threw himself on the floor in order to escape being wounded. By chance some policemen arrived and the defendant ordered them to arrest the injured person. One of them took hold of him, and the injured party asked him why he was being arrested, if he had gone mad. The policeman answered that he had to obey orders. Then the defendant struck him on the head with his club, after which they pushed him and the corporal again hit him and ordered the policeman thus: "Put that scoundrel into jail." On leaving the establishment he again struck him on the back. The policemen then stopped and the corporal said to them. "Bah! This is the end of this affair. Put him in jail." While the policemen were holding the injured party, the defendant continued striking blows on his back; and on passing in front of the injured man's house, he again struck him twice and dragged him up to the corner of the Nova Scotia Bank, facing Rafael Emmanuelli's drug store and Natalio García's shop. There the defendant again struck him with his club which left him unconscious until he reached the District Hospital where he gained consciousness and was confined for nine or ten days.

Dr. Salvador Bousquet, who at that time worked in the District Hospital of Fajardo, testified that the injured person was brought to the hospital on the night of December 30, 1941 and was attended by an interne; that on the following day he examined the patient and discovered two wounds; one in the right fronto temporal region measuring two and one

half inches long, produced by an iron rod or a stick, and another one of two and one half inches long in the left occipital region; that the patient had such high blood pressure that he looked for a possible fracture in the head; that he ordered X-ray photographs to be taken, which showed two lineal fractures in the skull, one in the left parietal region; and the other one running from the parietal region to the left occipital region, measuring each about two and one half or three inches. On examination by the district attorney he answered that he did not remember whether the patient had bruises on his back.

The evidence for the prosecution as to what happened in the grocery and luncheon room is corroborated by the testimony of the persons who were present at the time of the incident, and as to what happened in front of Emmanuelli's drug store, Rafael Emmanuelli, the druggist, testified that at daybreak, on December 31, 1941, while they were all sleeping at their house, which is a two-story building, he heard some shouting; that he looked out the window and saw that two policemen and the defendant had arrested Benigno Santiago Barreto, and while they had him under arrest, the defendant was inflicting blows on him from the rear with his club; that he heard Benigno Santiago Barreto cry, ''They are killing me, oh please!'' and the defendant uttered obscene expressions which need not be repeated here.

The evidence for the defense tended to show self-defense. The jury, however, did not believe the same and it can not be maintained that it acted with passion or prejudice, or that it committed manifest error.

Every man is presumed to intend the natural consequences of what he knowingly does. Considering the nature of the weapon, a revolver, which the defendant unnecessarily used; the wounds which he inflicted on the injured person's head with his club, any of which could have caused him death; and furthermore, considering there was no marked provocation

on the part of the injured man, and that the attendant circumstances were such as to prove that the defendant had a wicked and perverse heart, it is evident, in our opinion, that if the injured person had died a year and one day after the stroke received, as a result of the assault, the defendant would have been guilty of murder. However, since by some fortuitous circumstance the injured person did not die, notwithstanding the great number of heavy blows received, the offense committed and charged was an attempt to murder in violation of § 218 of Penal Code.

▪ The defendant charges that after the district attorney had set forth his theory of the case to the jury and the first witness had begun to testify, the court allowed the district attorney to withdraw said witness and enlarge the exposition of his theory by stating to the jury that he had forgotten to say that the motive of the offense was the fact that the accused owed $25 to the injured party, that the latter had tried to collect the same, that this made the defendant angry, for which reason he took revenge on the person who had been kind enough to lend him the money. The defendant further alleges that the court admitted over his objection the check duly endorsed by the defendant and cashed by the person to whom he endorsed it.

The procedure of the trial is under the control of the judge and he is free to exercise his discretion in furtherance of justice and permit any change in said proceedings, so long as the essential rights of the parties are not prejudiced thereby. It is true that § 233 of the Code of Criminal Procedure (1933 ed.) provides in its subdivision 3 that after prosecuting attorney opens the case by stating orally to the jury or the court, as the case may be, the nature of the crime which he expects to prove, the circumstances under which the crime was committed, the proof which he expects to produce to uphold his charge, he shall gather and offer his evidence in support of his charge. But we know of no statutory provi-

sión, nor has the appellant cited any, which precludes the district attorney, after asking his first witness the preliminary questions, from applying and obtaining from the court leave to withdraw the witness temporarily, and enlarge his theory of the case by adding one more fact which he expects to produce to uphold his charge.

 Although proof of the motive is more essential in a case of circumstancial evidence, there is nothing to prevent it from being used and sometimes it is advisable to introduce it in cases of direct evidence, as in the case at bar, where the conduct of the defendant is so wicked and without any provocation that a doubt may exist as to the testimony of the witnesses for the prosecution. Cf. *People* v. *Carreras,* 62 P.R.R. 148. The fact that, at the time of the occurrence, nothing was said with respect to the debt of $25 which the defendant owed the injured person, does not mean that the defendant, wholly or partly, did not perform the acts charged under a grudge or in revenge because he was requested to pay. Usually, a defendant tries to conceal the motive which induces him to commit an offense, as otherwise, his conviction would become so much easier. Therefore, we can not agree with the defendant that the court erred in admitting in evidence the check, duly identified.

 Finally, the defendant tries to charge the district attorney with improper conduct because at the close of the evidence, but before the defendant stated his theory to the jury, he addressed the court thus:

"With leave of the court and most respectfully, we present this check in evidence, duly identified."

The defense stated that it objected solely because of its previous objection to the district attorney enlarging his theory of the case, and also to be consistent with his motion to strike out that portion of the testimony of the injured person referring to the loan of $25. The court admitted the check in evidence. The defendant moved for a reconsideration as to

the three motions relating to the check, that is, the incident regarding the enlarging of the district attorney's theory, the refusal of the court to strike out that portion of the injured person's testimony referring to the loan, and the admission of the check in evidence.

The court denied the reconsideration and the defendant took an exception. Then the district attorney stated as follows:

"I want it to appear from the record that on December 22, the defendant was requested to pay the $25 and the occurence which has given rise to this trial took place on the 30th, of the same month and since payment was requested on the 30th, that defendant, angry and irritated. . ."

Relying on the statement just copied the defendant filed a motion for mistrial, alleging that the district attorney had referred in the presence of the jury to facts which had not been proved. But, as the court dismissed the motion, he now maintains that the court erred in denying the motion for mistrial.

From the testimony of Benigno Santiago Barreto (Tr. of Ev., p. 19), it appears that on December 22, when the injured person asked him to pay the debt, the defendant became angry; but there is no showing that on the 30th, when the defendant entered the establishment of the injured party, he was angry in any way. As to the statement copied above, it was a lawful remark made by the district attorney regarding that portion of the injured person's testimony in the sense that the defendant became angry on December 22, when payment was requested. Since the defendant became irritated when he was asked to pay the debt on December 22, and he did not go to the establishment of the injured party until the 30th, as he had stated previously, the district attorney was justified in assuming that the defendant was still angry, even though the latter should conceal his mental attitude.

No error has been committed prejudicial to the essential rights of the defendant, and, therefore, the judgment appealed from must be affirmed.